UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SERPENTINI CHEVROLET, INC. d/b/a Serpentini Chevrolet c/o Spangenberg Shibley & Liber LLP 1001 Lakeside Avenue, Suite 1700 Cleveland, OH  44114 | ) ) ) ) ) |
| | CASE NO. 1:18-cv-1390 |
| | JUDGE |
| and | ) ) |
| ROBERT M. SERPENTINI, JR. c/o Spangenberg Shibley & Liber LLP 1001 Lakeside Avenue, Suite 1700 Cleveland, OH  44114 | ) ) ) ) ) ) |
| | **COMPLAINT** |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| TRANSAMERICA LIFE INSURANCE COMPANY c/o Statutory Agent CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, OH  43219 | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

Now come Plaintiffs, Serpentini Chevrolet, Inc., d/b/a Serpentini Chevrolet, and

Robert M. Serpentini, Jr., by and through undersigned counsel, and for their Complaint

against the above captioned Defendant state and aver as follows:

**PARTIES**

1.      Plaintiff Serpentini Chevrolet, Inc. is an Ohio corporation doing business

under the trade name of "Serpentini Chevrolet."

2.      Serpentini Chevrolet consists of numerous automobile dealerships and automobile service centers located throughout the Northern District of Ohio, with an online presence at www.serpentinichevy.net, and which advertises regularly on television, online, and in printed materials.

3.      Plaintiff Robert ("Bob") M. Serpentini, Jr. is a resident of Florida, who maintains residential properties in Ohio, and the President of Serpentini Chevrolet, Inc.

4.      Defendant Transamerica Life Insurance Company is an Iowa for-profit corporation with its principal place of business in Iowa.  On information and belief, Defendant Transamerica Life Insurance Company is the successor in interest of the Transamerica Occidental Life Insurance Company.

## JURISDICTION AND VENUE

5.      Original jurisdiction is vested with this Court pursuant to 28 United States Code ("U.S.C.") § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6.      Venue in this judicial District is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTS

7.      On or about January 15, 2005, Transamerica Occidental Life Insurance Company issued a life insurance policy contract, Policy Number 42268176, insuring the life of David H. Frame for a term of 62 years in the amount of $3,000,000 (the "Frame Policy").

2

8.     Plaintiffs Serpentini Chevrolet, Inc. and Bob Serpentini are the owners and beneficiaries under the terms of the Frame Policy.

9.     The Frame Policy is a "legal contract between the Owner of [the] Policy, and Transamerica Occidental Life Insurance Company."

10.    Defendant Transamerica Life Insurance Company is not a party to the Frame Policy contract and is not referenced anywhere in the Frame Policy contract.

11.    In response to Plaintiffs' request for the Frame Policy, Defendant Transamerica Life Insurance Company forwarded a "policy specimen" for the Frame Policy.  The policy specimen for the Frame Policy is attached hereto as Exhibit 1.

12.    The policy specimen for the Frame Policy at page 6 states that a "copy of the application is attached and is part of this policy."  No application was attached to or otherwise accompanied the "policy specimen" for the Frame Policy provided by Defendant Transamerica Life Insurance Company.  The Application for the Frame Policy, which is a part of the Frame Policy, is attached hereto as Exhibit 2.

13.    Together, Exhibits 1 and 2 constitute a true and accurate copy of the Frame Policy contract and accurately set for the terms of the Frame Policy contract.

14.    During the term of the Frame Policy, Bob Serpentini was the Owner and the Insured under other life insurance policies issued by Defendant Transamerica Life Insurance Company, through its predecessor Transamerica Occidental Life Insurance Company, including, but not limited to, Policy Numbers 42014710 and 42014712 issued in or about May, 2002.

15.    At all times relevant, Defendant Transamerica Life Insurance Company was in possession of Bob Serpentini's personal and professional addresses and contact

information, as well as the addresses and contact information for Serpentini Chevrolet locations.

16.     Serpentini Chevrolet, Inc., and later Bob Serpentini, paid the premiums for the Frame Policy in accordance with the terms of the Frame Policy.  In the years leading up to June, 2017, monthly premium payments were made by Electronic Funds Transfers ("EFT") from Bob Serpentini's Key Bank bank account to Defendant Transamerica Life Insurance Company.  At least one of the monthly EFTs from Bob's Key Bank bank account to the Defendant was a combined premium payment for multiple life insurance policies, including the Frame Policy.

17.     In or about June, 2017, Bob Serpentini was advised by Key Bank that his Key Bank bank account, from which the aforementioned EFT payments, along with many others, were being made, had potentially been hacked or otherwise compromised.  Following the advice of his bank, Mr. Serpentini deactivated and shut down his bank account immediately, and was instructed to and did open a new bank account at Key Bank with the assistance of Key Bank representatives.

18.     Over the next days and weeks, Bob and his representatives worked with Key Bank and Mr. Serpentini's payees, including the Defendant, to reactivate the aforementioned monthly EFTs.

19.     On information and belief, Key Bank recalled the June, 2017 Frame Policy premium payment upon discovering the potential security breach in connection with deactivating Mr. Serpentini's account.

20.     For reasons unknown and/or yet to be discovered, the monthly EFT from Mr. Serpentini's Key Bank bank account to Defenadnt Transamerica Life Insurance

Company that included the Frame Policy premium payment, along with other premium payment(s), was not reactivated in the same amount, or was applied differently and potentially to a policy other than the Frame Policy moving forward.

21. On information and belief, from June, 2017 forward, the monthly EFT for the Frame Policy was either not completely reactivated or the Defendant began applying the monthly EFT premium payment to a policy other than the Frame Policy, or otherwise applied the EFT monthly payments differently.

22. Any alleged, potential or actual misapplication and/or non-payment of premium that ensued after June 1, 2017 for the Frame Policy was not intentional or authorized by Plaintiffs.

23. On information and belief, over the course of the years-long premium payment history to Defendant Transamerica Life Insurance Company on the Frame Policy Plaintiffs paid more premium than was due resulting in a surplus amount from which premium payments after June 1, 2017, to the extent they were allegedly not paid and/or misapplied, should have been paid to keep the Frame Policy coverage in force.

24. On or about June 15, 2017, Defendant Transamerica Life insurance Company sent a "PREMIUM NOTICE" to "SERPENTINI CHEVROLET" at "ADDR UNKWN 03112011 31 W GARFIELD RD AURORA OH 44202-8890" (the "Premium Notice"). The Premium Notice stated that "YOUR PAYMENT MUST BE RECEIVED BY THE DUE DATE [June 21, 2017], OR BY THE END OF YOUR GRACE PERIOD, OR YOUR COVERAGE WILL LAPSE…"

25.     The Premium Notice did not indicate that "the grace period had begun [or] that [the owner] must pay the premium due before the 31 day grace period has expired" as is required by the Frame Policy contract.

26.     The June 15, 2017 Premium Notice was returned to its sender, Defendant Transamerica Life Insurance Company, with a handwritten note stating "He does not work for us."  The note was signed, "Ganley Chevrolet of Aurora – thank you."

27.     As of the date of the June 15, 2017 Premium Notice, which states "ADDR UNKWN," Defendant Transamerica Life Insurance Company knew, was on notice of, or should have known that 31 West Garfield Road in Aurora, Ohio was not a known or last known address for Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini.

28.     As of the date the June 15, 2017 Premium Notice was returned with the handwritten note from Ganley Chevrolet referenced above, Defendant Transamerica Life Insurance Company knew, was on notice of, or should have known that 31 West Garfield Road in Aurora, Ohio was not a known or last known address for Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini.

29.     On or about July 11, 2017, Defendant Transamerica Life Insurance Company sent a "REMINDER NOTICE" to "SERPENTINI CHEVROLET" at "ADDR UNKWN 03112011 31 W GARFIELD RD AURORA OH 44202-8890" (the "Reminder Notice"), the same address from which the Premium Notice was returned by Ganley Chevrolet.  The Reminder Notice stated "THIS IS TO NOTIFY YOU THAT YOUR GRACE PERIOD HAS BEGUN EFFECTIVE THE DUE DATE SHOWN BELOW [June

21, 2017].  IF PAYMENT IS NOT RECEIVED WITHIN THIS GRACE PERIOD THE
POLICY WILL LAPSE…"

30.     The Reminder Notice did not indicate how long the grace period was or
when it would expire as required by the Frame Policy contract.

31.     Like the June 15, 2017 Premium Notice, the July 11, 2017 Reminder
Notice was also returned to its sender, Defendant Transamerica Life Insurance
Company, by the recipient, Ganely Chevrolet, with a handwritten note stating "this
person does not work here – has never worked here" with an arrow pointing to David H.
Frame's name set forth in the Notice.

32.     As of the date of the July 11, 2017 Reminder Notice, Defendant
Transamerica Life Insurance Company knew, was on notice of, or should have known
that 31 West Garfield Road in Aurora, Ohio was not a known or last known address for
Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini.

33.     As of the date the July 11, 2017 Reminder Notice was returned with the
handwritten note referenced above, Defendant Transamerica Life Insurance Company
knew, was on notice of, or should have known that 31 West Garfield Road in Aurora,
Ohio was not a known address for Serpentini Chevrolet, Inc., any Serpentini Chevrolet
location, or Bob Serpentini.

34.     On or about August 21, 2017, Defendant Transamerica Life Insurance
Company sent a letter addressed to "SERPENTINI CHEVROLET" to a high-rise
apartment building across the river from Manhattan located at "110 1ST ST APT 14L
JERSEY CITY NJ 07302-8998" (the "Coverage Termination Letter").  The Coverage
Termination Letter stated, in part, "Recently we notified you that additional premium was

needed to prevent this policy from lapsing.  When the premium wasn't paid, the life insurance coverage under the policy lapsed at the end of the grace period."  The Letter went on to describe the requirements for reinstatement of the coverage.

35.     Defendant Transamerica Life Insurance Company did not send the Coverage Termination Letter to 31 West Garfield Road in Aurora, Ohio, the address to which the Premium Notice and Reminder Notice letters were sent and from which they were returned to the Defendant.

36.     Neither Serpentini Chevrolet, Inc., nor any Serpentini Chevrolet location, nor Bob Serpentini has ever maintained an address in any apartment building in Jersey City, New Jersey.

37.     On information and belief, Defendant Transamerica Life Insurance Company may have had reason to believe that the Insured, David Frame, may have maintained a residence in New Jersey at some point in time.  The Frame Policy contract, however, requires that all notices under the Policy, including those specifically pertaining to non-payment of premium and lapse of coverage, to be sent to the Owner(s) of the Policy, not the Insured.

38.     Defendant Transamerica Life Insurance Company never attempted to send the Coverage Termination Letter or any notice of coverage termination to the Owner(s) of the Frame Policy as required by the terms of the Frame Policy contract.

39.     On November 9, 2017, David Frame was discovered unresponsive and pronounced deceased.  On January 8, 2018, David Frame's death certificate issued.

40.     Plaintiffs tendered a copy of Mr. Frame's death certificate and timely made claims for the Death Benefit under the Frame Policy contract to Defendant Transamerica Life Insurance Company

41.     Defendant Transamerica Life Insurance Company denied Plaintiffs' claims and refused payment of the Death Benefit under the Frame Policy claiming that "[t]wo premium notices were mailed for the June [2017] premium" and that "the policy lapsed at the end of the grace period on August 21, 2017.  Therefore, there was no coverage at the insured's time of death."

42.     Defendant Transamerica Life Insurance Company's denial did not claim that the "premium notices" were sent to Serpentini Chevrolet, Inc. or Bob Serpentini's last known address(es).

43.     Defendant Transamerica Life Insurance Company's denial did not claim that the Coverage Termination Letter was ever sent to Serpentini Chevrolet, Inc. or Bob Serpentini.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

44.     Plaintiffs incorporate each and every preceding paragraph as if fully rewritten herein.

45.     The Frame Policy attached at Exhibits 1 and 2 is a contract between the Transamerica Occidental Life Insurance Company, Defendant Transamerica Life Insurance Company's predecessor, and Serpentini Chevrolet, Inc.

46.     Alternatively, the Frame Policy attached at Exhibits 1 and 2 is a contract between the Transamerica Occidental Life Insurance Company, Defendant

Transamerica Life Insurance Company's predecessor, and Serpentini Chevrolet, Inc. and Bob Serpentini.

47.     Under the terms of the Frame Policy contract, the terms "We, our and us means Transamerica Occidental Life Insurance Company."

48.     Under the terms of the Frame Policy contract, the terms "You and your means the owner" of the Policy – Serpentini Chevrolet, Inc. and/or Bob Serpentini.

49.     The Frame Policy contract requires premiums be paid to Transamerica Occidental Life Insurance Company, or to an agent Transamerica Occidental Life Insurance Company authorizes, on an annual, semi-annual, quarterly, or monthly basis.

50.     Plaintiffs made premium payments in compliance with the Frame Policy contract from its date of inception in 2005 at least up to and/or through June, 2017.

51.     Plaintiffs made timely premium payments under the Frame Policy, without exception, for at least more than 12 consecutive years.

52.     On information and belief, Defendant Transamerica Life Insurance Company breached the Frame Policy contract by not applying, or misapplying, premium payments made from June, 2017 forward in a manner that misallocated or diverted premium payments to other policies and not for payment of the Frame Policy.

53.     On information and belief, Defendant Transamerica Life Insurance Company breached the Frame Policy contract by refusing to reactivate or otherwise continue the monthly EFT premium payments from Bob Serpentini's new Key Bank bank account after June, 2017, in such a manner that the Frame Policy premium was not paid or such that premium payments were not allocated properly.

54.     On information and belief, over the 12-year premium payment history of the Frame Policy, Plaintiffs made premium payments on the Frame Policy in excess of that which was due, resulting in a surplus of premium from which to pay any alleged or actual premium non-payment or misallocation.

55.     On information and belief, Defendant Transamerica Life Insurance Company breached the Frame Policy contract by not applying the surplus premium amount under the Frame Policy to any alleged or actual premium nonpayment from June 1, 2017 forward.

56.     On information and belief, Defendant Transamerica Life Insurance Company breached the Frame Policy contract by terminating coverage thereunder without properly applying the surplus premium payments to keep the Frame Policy coverage in force.

57.     Under the terms of the Frame Policy contract,

A grace period will be provided for you to pay premiums after the premium due date after the first premium.  We will let you know, by sending a notice to your last known address, that the grace period has begun and that you must pay the premium due before the 31 day grace period has expired.

***

If the Insured dies during the grace period and before you pay the premium, we will subtract from the death benefit the cost of coverage to the date the Insured died.

58.     The Frame Policy contract also requires Defendant Transamerica Life Insurance Company to "send any notice under the provisions of this policy to your last known address and to any assignee of record."

59.     The Frame Policy contract does not define "last known address" in the Policy.

11

60.     The Frame Policy contract does not qualify "last known address" with any language that would limit the phrase or knowledge to the Defendant's own knowledge or as set forth in Defendant's records, documents or the Policy.  For example, the Frame Policy contract does not include language to the effect that that the Defendant will provide notice of premium nonpayment to the owner's "last known address to us," or "last known address according to our records," or "last known address as set forth in the Policy," or "last known address as set forth in the Application."

61.     The language "last known address" in the Frame Policy referenced above is clear and unambiguous.  It refers to and means the address(es) at which Serpentini Chevrolet and/or Bob Serpentini in fact was most recently located, or Plaintiffs' last known address(es) as a matter of ascertainable fact.

62.     Plaintiffs' last addresses at all times relevant were known by Defendant Transamerica Life Insurance Company as a matter of fact and known to Plaintiffs and others.

63.     Plaintiffs' last addresses at all times relevant were known and knowable as a matter of ascertainable fact to anyone who would reasonably inquire.

64.     Alternatively, to the extent the language "last known address" in the Frame Policy contract is deemed ambiguous, it must be interpreted against Defendant Transamerica Life Insurance Company, in the light most favorable to Plaintiffs, and strongly in favor of coverage.

65.     The Frame Policy contract does not require the Owner(s) of the Policy, i.e. Plaintiffs, to update Defendant with new or changed addresses.  The Frame Policy contract creates no duty on behalf of the Owner(s) to notify Defendant about a change

of address, additional addresses, or new addresses.  The Frame Policy contract provides no forms or instructions concerning a change of address for the Owner(s) of the Policy.

66.  The Frame Policy contract creates a duty on behalf of Defendant Transamerica Life Insurance Company to "let [Plaintiffs] know" that the Grace Period has begun in the event of premium nonpayment.

67.  The Frame Policy contract provides for reinstatement in the event the Policy lapses if: reinstatement is requested within 5 years after the date of lapse and before the expiry date; the Insured is still insurable under the Defendant's standards; and certain premium payments are made.

68.  Serpentini Chevrolet, Inc., Serpentini Chevrolet's numerous locations in Ohio, and Bob Serpentini's addresses and contact information were known to Defendant Transamerica Life Insurance Company, including through its, or its agents or affiliates', own records at all times relevant.

69.  Serpentini Chevrolet, Inc., Serpentini Chevrolet's numerous locations in Ohio, and Bob Serpentini's addresses and contact information were known and knowable at all times relevant when Defendant Transamerica Insurance Company was under a contractual duty to notify Plaintiffs at their last known address that the Grace Period had begun for non-payment of premium.

70.  The June 15, 2017 Premium Notice and the July 11, 2017 Reminder Notice sent to Aurora, Ohio by Defendant Transamerica Life Insurance Company were not sent to Plaintiffs' last known address as required by the Frame Policy contract.

71.     As of June 15, 2017, Defendant Transamerica Life Insurance Company knew that 31 W Garfield Road, Aurora, Ohio was not Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini's last known address.

72.     As of the date Defendant Transamerica Life Insurance Company received the returned June 15, 2017 Premium Notice, the Defendant knew that 31 W Garfield Road, Aurora, Ohio was not the last known address of Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini.

73.     Independent of the fact that Defendant sent the June 15, 2017 Premium Notice to an address it knew was not the last known address of Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini, the June 15, 2017 Premium Notice did not satisfy Defendant Transamerica Life Insurance Company's contractual duty to "let [Plaintiffs] know… that the grace period [had] begun and that [Plaintiffs] must pay the premium due before the 31 day grace period has expired" as required by the Grace Period and notice provisions in the Frame Policy contract.

74.     As of July 11, 2017, the date of the Reminder Notice, Defendant Transamerica Life Insurance Company knew that 31 W Garfield Road, Aurora, Ohio was not Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini's last known address.

75.     Independent of the fact that Defendant sent the July 11, 2017 Reminder Notice to an address it knew was not the last known address of Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini, the Reminder Notice did not satisfy Defendant Transamerica Life Insurance Company's contractual duty to "let [Plaintiffs] know… that the grace period [had] begun and that [Plaintiffs] must pay the

premium due before the 31 day grace period has expired" as required by the Grace Period and notice provisions in the Frame Policy contract.

76.    As of the date of the August 21, 2017 Coverage Termination Letter, Defendant Transamerica Life Insurance Company knew that 110 1ST St., Apt. 14L Jersey City, New Jersey was not the last known address for Serpentini Chevrolet, Inc., any Serpentini Chevrolet location, or Bob Serpentini.

77.    Defendant Failed to provide notice of coverage termination to the Owner of the Frame Policy as required by the terms of the Frame Policy contract.

78.    Defendant Transamerica Life Insurance Company breached the Frame Policy Contract by not complying with the Policy's terms and its contractual duties to provide notice of alleged premium non-payment, that the Grace Period had begun, that coverage would terminate at the end of the 31-day Grace Period, or of coverage termination, which was subject to reinstatement, to Plaintiffs as required under the terms of the Frame Policy contract.

79.    Defendant breached its duty of good faith and fair dealing and otherwise acted negligently and recklessly in failing to comply with its contractual duties to notify Plaintiffs and to send notices to Plaintiffs' last known address.

80.    Defendant Transamerica Life Insurance Company was in possession of Bob Serpentini and Serpentini Chevrolet's contact information at all times relevant pursuant to its ongoing relationship with Mr. Serpentini and Serpentini Chevrolet in connection with other active life insurance policies issued by the Defendant.

81.    Any good faith search, in compliance with Defendant's contractual duties, for the contact information and address of Serpentini Chevrolet at times relevant,

including within its own records, would have returned numerous Serpentini Chevrolet locations and addresses and contact information.  For example, typing or speaking "Serpentini Chevrolet" into any computer or device connected to the internet would return numerous entries with the last known address(es) and contact information for Plaintiffs.

82.    Defendant Transamerica Life Insurance Company failed to comply with the conditions precedent for termination of coverage as set forth in the Frame Policy contract prior to November 9, 2017, the date of the Insured's death.

83.    Accordingly, the Frame Policy contract and the coverage afforded thereunder remained in full force and effect as of at least November 9, 2017.

84.    Defendant Transamerica Life Insurance Company breached the Frame Policy contract by, among other ways:

      a. On information and belief, misapplying, misallocating or not continuing to process the monthly EFT premium payments for the Frame Policy that had been paid by monthly EFT and other methods for more than 12 consecutive years as of June, 2017;

      b. On information and belief, not applying the surplus premium payments made under the Frame Policy to keep coverage in force from June 1, 2017 forward;

      c. Not letting Plaintiffs know or otherwise notifying Plaintiffs that the June, 2017 premium was not paid and/or applied to the Frame Policy as required under the terms of the Frame Policy contract;

    d.  Not letting Plaintiffs know or otherwise notifying Plaintiffs that the Grace Period had begun on the Frame Policy in June, 2017 as required under the terms of the Frame Policy contract;

    e.  Not letting Plaintiffs know or otherwise notifying Plaintiffs that the Frame Policy had lapsed but was still subject to reinstatement in August, 2017 as required under the terms of the Frame Policy contract;

    f.  Not utilizing Plaintiffs' last known address(es) and/or contact information as set forth in Defendant's, or its agent's or affiliates', own records, including records associated with other life insurance policies issues to Plaintiffs by the Defendant;

    g.  Not undertaking any reasonable efforts to locate Plaintiffs last known address(es);

    h.  Not discharging its duty to notify Plaintiffs under the terms of the Frame Policy contract in good faith;

    i.  Not discharging its duty to determine Plaintiffs' last known address(es) in good faith as required under the terms of the Frame Policy contract; and

    j.  Refusing to pay the Death Benefit of the Frame Policy to Plaintiffs.

85.    Neither Serpentini Chevrolet, Inc., nor Bob Serpentini, nor any agent or representative of Serpentini Chevrolet received the Premium Notice, the Reminder Notice, or the Coverage Termination Letter prior to August 21, 2017 or the date of David Frame's death on November 9, 2017.

17

86.    Neither Serpentini Chevrolet, Inc. nor Bob Serpentini was ever notified by Defendant Transamerica Life insurance Company of any alleged non-payment of premium pertaining to the Frame Policy at any time prior to David Frame's death on November 9, 2017.

87.    Neither Serpentini Chevrolet, Inc. nor Bob Serpentini was ever notified by Defendant Transamerica Life Insurance Company that the Grace Period had begun at any time prior to August 21, 2017 or the date of David Frame's death on November 9, 2017.

88.    Neither Serpentini Chevrolet, Inc. nor Bob Serpentini was ever notified by Defendant Transamerica Life Insurance Company that coverage under the Frame Policy would terminate unless additional premiums were paid at any time prior to August 21, 2017 or the date of David Frame's death on November 9, 2017.

89.    Neither Serpentini Chevrolet, Inc. nor Bob Serpentini was ever notified by Defendant Transamerica Life Insurance Company that coverage under the Frame Policy had been deemed terminated by the Defendant at any time prior to David Frame's death on November 9, 2017.

90.    Neither Serpentini Chevrolet, Inc. nor Bob Serpenitni was ever notified by Defendant Transamerica Life Insurance Company that coverage under the Frame Policy could be reinstated after it had been deemed terminated by the Defendant at any time prior to David Frame's death on November 9, 2017.

91.    Had Plaintiffs, or any of them, been notified of any alleged, potential or actual premium non-payment, that the Grace Period had begun, that failure to pay any alleged, potential or actual past due premium before the Grace Period expired would

result in termination of coverage, and/or that coverage under the Frame Policy had been deemed terminated by Defendant Transamerica Life Insurance Company but was subject to reinstatement at any time prior to David Frame's death on November 9, 2017, Plaintiffs would have taken all necessary steps to insure premium payment and the continuation and/or reinstatement of coverage under the Frame Policy contract through at least November 9, 2017, the date of the Insured's death.

92.     Had Plaintiffs, or any of them, been notified that coverage had allegedly lapsed for non-payment of premium as set forth in the Coverage Termination Letter at any time prior to David Frame's death on November 9, 2017, Plaintiffs would have taken all necessary steps to insure reinstatement of the coverage provided under the Frame Policy at least through November 9, 2017, at which time the requirements for reinstatement under the Frame Policy would have been met.

93.     As a direct and proximate result of each and all of the breaches of the Frame policy contract by Defendant Transamerica Life Insurance Company, and its actions and omissions alleged herein, Plaintiffs suffered economic damages, to wit: the $3,000,000 Death Benefit of the Frame Policy.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Transamerica Life Insurance Company in the amount of Three Million Dollars ($3,000,000), together with pre and post-judgment interest, the costs of this action, reasonable attorneys' fees and any other relief this Court deems equitable.

## SECOND CLAIM FOR RELIEF
### (Bad Faith)

94.     Plaintiffs incorporate each and every preceding paragraph as if fully rewritten herein.

95.    Defendant Transamerica Life Insurance Company had and has no reasonable justification for refusing to pay the Death Benefit under the terms of the Frame Policy.

96.    Defendant Transamerica Life Insurance Company's decision(s) to refuse to pay the Death Benefit under the Frame Policy is not predicated upon circumstances that furnish reasonable justification for such a decision(s).

97.    Defendant Transamerica Life Insurance Company has breached its duty to act in good faith under the terms of the Frame Policy contract as set forth above.

98.    Defendant Transamerica Life Insurance Company has acted in bad faith in its refusal to pay the Death Benefit at issue and in connection with its conduct set forth herein.

99.    As a direct and proximate result of Defendant Transamerica Life Insurance Company's lack of reasonable justification and bad faith described herein, Plaintiffs have suffered economic and non-economic damages, injuries and loss.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Transamerica Life Insurance Company in an amount in excess of Twenty Five Thousand Dollars ($25,000) that will fully and fairly compensate Plaintiffs for their injuries, damages and loss, and in an amount of punitive exemplary damages in excess of Twenty Five Thousand Dollars ($25,000) that will adequately deter and punish Defendant, along with attorneys' fees, costs of suit and any other relief this Court deems equitable.

Respectfully Submitted,

s/ *Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
DENNIS R. LANSDOWNE (0026036)
JEREMY A. TOR (0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*dlansdowne@spanglaw.com*
*jtor@spanglaw.com*

***Counsel for Plaintiffs***